UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOB CODY BRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02706-SEB-MJD |
| | ) |
| MERSHON, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendants' Motion for Summary Judgment**

Plaintiff Jacob Brier brought this action contending that medical staff at Pendleton Correctional Facility were deliberately indifferent to his chest and back pain. Following screening of Mr. Brier's amended complaint, this action proceeded on Eighth Amendment claims against defendants Dr. Mershon and Nurse Practitioner Elizabeth Hale. The defendants have moved for summary judgment based on the affirmative defense that Mr. Brier failed to exhaust available administrative remedies before bringing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* ("PLRA"). For the reasons below, the motion for summary judgment is **GRANTED**.

I. **Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.* When reviewing a motion for summary judgment, the Court views the record and

draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

Mr. Brier failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II.   Background

### A.   Mr. Brier's Allegations

Mr. Brier alleges that the defendants treated him in September 2021. Dkt. 13 at 3 (referring to John and Jane Doe medical providers; *see* dkt. 14 (identifying John and Jane Doe defendants as Nurse Practitioner Hale and Dr. Mershon). Nurse Practitioner Hale provided an EKG, which showed that Mr. Brier has heart constrictions. Mr. Brier began taking blood pressure medication in January 2022, but the medication does not help his chest pain. Mr. Brier has continued to submit healthcare forms, but he is not satisfied with his treatment. His back and chest pains persist.

### B.   Prison Grievance Procedure

At all times relevant to his claim in this suit, Mr. Brier was incarcerated at Pendleton Correctional Facility. *See* Dkt. 13 (amended complaint). Pendleton applies the Indiana Department

of Correction's written offender grievance policy. Dkt. 28-1 at 2, ¶ 6 (Conyers declaration); *id.* at 6–20 (grievance policy). Inmates have access to the grievance policy in the prison law library, and an inmate may request a copy of the policy at any time. *Id.* at 2, ¶ 8. An inmate must take three steps to complete the full grievance process:

1. A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions;
2. A written appeal to the Warden/designee; and,
3. A written appeal to the Department Grievance Manager.

*Id.* at 8.

### C. Mr. Brier's Use of the Grievance Process

On August 19, 2021, Mr. Brier submitted a grievance complaining about the prison's quarantine practices and about lack of treatment for his back pain. Dkt. 28-1 at 23. The grievance was rejected because it complained of multiple issues. *Id.* at 22.

On August 22, 2021, Mr. Brier submitted a grievance complaining about lack of response to his healthcare requests. *Id.* at 25. The grievance specialist responded, explaining that Mr. Brier had not submitted any recent healthcare requests. *Id.* at 24. She added that nursing staff would conduct a welfare check. *Id.* Mr. Brier did not appeal. *Id.* at 3–4, ¶ 12.

On October 3, 2021, Mr. Brier submitted a grievance complaining about lack of treatment for his medical and dental needs. *Id.* at 27. The grievance was rejected because it was duplicative of Mr. Brier's August 22 grievance. *Id.* at 26. The grievance rejection form notified Mr. Brier, "A return of grievance does not mean your grievance is denied, it means there are issues and they need to be [corrected] to be able to move on with the grievance process." *Id.* Mr. Brier did not submit a corrected grievance clarifying the issues he wished to grieve. *Id.* at 4, ¶ 14.

### III.     Discussion

The PLRA provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). "The exhaustion requirement protects the prison's administrative authority by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). To satisfy the exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). However, administrative remedies must be "available" to the inmate. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). Failure to exhaust is an affirmative defense, so the defendants bear the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

Here, the undisputed facts demonstrate that Mr. Brier did not exhaust his available administrative remedies, as he did not pursue any of his grievances through the complete administrative process, including appeals. Moreover, the undisputed evidence is that Mr. Brier had access to the written grievance policy. Mr. Brier does not contend that the grievance process was unavailable to him in any way. Any reasonable factfinder would therefore conclude that Mr. Brier failed to exhaust his available administrative remedies, so the defendants are entitled to summary judgment. Mr. Brier's claims against Nurse Practitioner Hale and Dr. Mershon will be dismissed without prejudice. That means Mr. Brier may bring a new lawsuit based on the same issues after exhausting his available administrative remedies.

The Court does not reach the defendants' alternative argument that Mr. Brier's grievances were filed before Nurse Practitioner Hale and Dr. Mershon were involved with his care, and

therefore he has failed to exhaust any claims against them. However, **if Mr. Brier wishes to bring a new suit based on his allegations of inadequate medical care, he should be sure to first exhaust his available administrative remedies as to the claims he plans to bring**.

### IV.  Conclusion

The defendants' motion for summary judgment, dkt. [27], is **GRANTED**. Mr. Brier's claims against Nurse Practitioner Hale and Dr. Mershon are **DISMISSED without prejudice**.

This ruling resolves all of Mr. Brier's remaining claims. *See* dkt. 15 (dismissing Mr. Brier's claim against Nurse Kelly for failure to state a claim upon which relief may be granted). Final judgment shall now issue.

**IT IS SO ORDERED.**

Date:     3/9/2023

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JACOB CODY BRIER
228552
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only